UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Argo Wealth Management, Inc., et al., ) | CASE NO. 5:22CV1137 |
| ) | |
| Plaintiffs, ) | |
| ) | Judge John R. Adams |
| v. ) | |
| ) | ORDER |
| ) | |
| John Bremner, et al., ) | |
| ) | |
| Defendants. | |

Pending before this Court is a renewed motion for sanctions filed by Defendants. Doc. 24. Plaintiffs have opposed the motion.

Initially, the Court notes that the renewed motion seeks sanctions solely through Fed.R. Civ.P. 11.

> By virtue of the fact that under the 1993 amendments, "a Rule 11 motion cannot be made unless there is some paper, claim, or contention that can be withdrawn," it follows that a party cannot wait to seek sanctions until after the contention has been judicially disposed. A party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to conclusion of the case or judicial rejection of the offending contention. If the court disposes of the offending contention before the twenty-one day "safe harbor" period expires, a motion for sanctions cannot be filed with or presented to the court.

*Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997)(internal citation omitted). It does not appear from the record before this Court that the pending motion for sanctions was served on

Plaintiffs prior to the dismissal of this action by the Court on June 13, 2023.[1]  For that basis alone, denial is proper.  *See id.*

However, *assuming arguendo*, that the motion was served on Plaintiffs more than 21 days prior to the Court's dismissal entry, the Court would still decline to award sanctions.  Defendants are correct that they ultimately obtained dismissal and that the Sixth Circuit affirmed this Court's dismissal.  However, Plaintiffs presented colorable arguments related to *why* Ohio's savings statute could ultimately be found to render their claims timely.  While this Court and the Circuit ultimately rejected those claims, the Court does not find that the arguments were so far removed as to determine that the proceedings were frivolous or presented for an improper purpose.  Accordingly, the motion for sanctions is DENIED.

IT IS SO ORDERED.

September 17, 2025                     /s/John R. Adams
Date                                    Judge John R. Adams
                                        United States District Court

---

[1] The Court finds that an email sent by a *party* indicating that future sanctions would be sought is insufficient to satisfy Rule 11.